David B. Gordon (DG 0010)
Schoeman, Updike & Kaufman, LLP
60 East 42 Street
New York, NY 10165
(212) 661-5030
Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTICT OF NEW YORK

| | |
|---|---|
| JOSE RAMOS, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION NO. |
| | ) 06 CV 4108 |
| v. | ) ECF CASE |
| | ) |
| SPECTAGUARD ACQUISITION, | ) |
| LLC d/b/a ALLIED BARTON | ) |
| SECURITY SERVICES | ) |
| | ) |
| Defendant. | ) |
| | ) |

Judge Pauley

## NOTICE AND PETITION OF REMOVAL

Defendant Spectaguard Acquisition, LLC d/b/a Allied Barton Security Services (hereinafter "AlliedBarton") by and through its undersigned counsel, hereby gives notice of removal of this action from the Supreme Court of the State of New York, in and for the County of New York where it is now pending, to the United States District Court for the Southern District of New York. Defendant states as follows in support of its Notice and Petition of Removal:

1.     On April 28, 2006, Plaintiff Jose Ramos filed an action against Defendant entitled *Jose Ramos v. Spectaguard Acquisition, LLC d/b/a Allied Barton Security Services*, Index No. 105831/06, in the Supreme Court of the State of New York in and for New York County, New York.

2. Defendant's registered agent received a copy of Plaintiff's Summons and Complaint on May 10, 2006.

3. The attached Complaint together with a Summons, constitutes all process, pleadings and orders served on Defendant to date. (*See* documents attached collectively hereto as <u>Exhibit 1</u>).

4. In his Complaint, Plaintiff alleges that Defendant violated New York State Human Rights Law § 296, *et. seq.* and New York City Human Rights Law § 8-101 *et. seq.* of the New York City Administrative Code (*See* Plaintiff's Complaint, ¶¶ 17, 20, 22, 24, and 26).

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1441 and 1332. Plaintiff's Complaint alleges that Plaintiff resides at 2435 Devoe Terrace, Apt. 2A, Bronx, New York 10468. (*See* Complaint ¶ 2). Plaintiff is a citizen and resident of the State of New York and/or Plaintiff is not a citizen or resident of Delaware or Pennsylvania. Defendant is a Delaware corporation with its principal place of business in Pennsylvania. (*See* Answer ¶ 3). Plaintiff's Complaint alleges that he is seeking over $75,000.00 in damages. (*See* Complaint ¶ "Wherefore"). Accordingly, Defendant's removal of the Complaint is permitted under 28 U.S.C. § 1332 based on diversity jurisdiction and the relevant removal statutes. *See* 28 U.S.C. §§ 1441 and 1446.

6. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days after service upon Defendant of the Summons and Complaint.

7. Notice of the Removal has been served upon Plaintiff by mail and a Notice of Filing Notice of Removal is being promptly filed with the Clerk of the Court

for the Supreme Court of the State of New York, in and for New York County, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendant gives notice that the above-captioned action now pending against it in the Supreme Court of the State of New York, in and for New York County, is removed therefrom to this Court on the basis of diversity of citizenship.

Respectfully submitted this 30th day of May, 2006.

SCHOEMAN, UPDIKE & KAUFMAN, LLP

David B. Gordon (DG 0010)
60 East 42nd Street
New York, NY 10165
(212) 661-5030
(212) 687-2123 (facsimile)

**and**

**MARTENSON, HASBROUCK & SIMON LLP**

Marty N. Martenson
Georgia Bar No. 471100
Jonathan D. Loegel
Georgia Bar No. 755706
3379 Peachtree Road, N.E.
Suite 400
Atlanta, Georgia 30326
(404)-909-8100
(404)-909-8120 (facsimile)

*Attorneys for Defendant*

**Exhibit 1**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------X

JOSE RAMOS,

                Plaintiff,

-against-

SPECTAGUARD ACQUISITION, LLC d/b/a
ALLIED BARTON SECURITY SERVICES

                Defendant.
----------------------------------------X

Index No.: 105831/06
Date Filed: 4/28/06

SUMMONS

To: Spectaguard Acquisition, LLC d/b/a
    Allied Barton Security Services
    330 W. 34th Street, 18th Floor
    New York, NY 10001

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer on the Plaintiff's attorneys within twenty (20) days after the service of this Summons, exclusive of the date of service, where service is made by delivery upon you personally within the State, or within thirty (30) days after completion of service where service is made in any other manner. In case of your failure to appear or to answer, judgment will be taken against you by default for the relief demanded in the complaint.

    Plaintiff designates New York as the place of trial.

    The basis for venue is the Defendant's place of business.

Dated: April 20, 2006
       Roslyn, New York

THE LAW FIRM OF LOUIS GINSBERG, P.C.
Attorneys for Plaintiff
1613 Northern Boulevard
Roslyn, New York 11576
(516) 625-0105

NEW YORK
COUNTY CLERK'S OFFICE

APR 28 2006

NOT COMPARED
WITH COPY FILED

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X
JOSE RAMOS,

                       Plaintiff,

-against-

SPECTAGUARD ACQUISITION, LLC d/b/a
ALLIED BARTON SECURITY SERVICES

                       Defendant.
-------------------------------------------------------------X

Index No.: 105831/06
Date Filed: 4/28/06

COMPLAINT
JURY TRIAL DEMANDED

Plaintiff by and through his counsel, The Law Firm of Louis Ginsberg, P.C., states the following as his Complaint against the Defendant:

## NATURE OF ACTION

1. This action seeks to recover damages for race, national origin and disability discrimination committed by Defendant against Plaintiff.

## PARTIES

2. Plaintiff, Jose Ramos, resides at 2436 Devoe Terrace, Apt. 2A, Bronx, New York 10468.

3. Defendant, Spectaguard Acquisition, LLC d/b/a Allied Barton Security Services, maintains an office located in this judicial district at 330 West 34th Street, 18th Floor, New York, NY 10001. Defendant employs at least four (4) persons.

## FACTS

4. Plaintiff began his employment with Defendant on or around August 2004. At all times herein, Plaintiff performed his job as a security officer competently. At all relevant times herein, Elizabeth DiSilva was Plaintiff's Account Manager.

5. In or about late February 2006, Ms. DiSilva was delegating security assignments. She told Plaintiff that he would be stationed at the Columbus Green building in the coming week.

05/14/2006  22:52    2124818954              ALLIED SECURITY                         PAGE  04

2

6.  When Plaintiff questioned Ms. DiSilva about his assignment, she responded by telling Plaintiff that she was the boss and that he will fit right in with the Latino employees of the building.

7.  On or about March 2, 2006, Ms. DiSilva called Plaintiff to confirm that he will be at the Columbus Green building starting the following day. During this conversation, Ms. DiSilva stated that at Columbus Green, Plaintiff will be with his Latino buddies.

8.  Plaintiff reported to work at Columbus Green on or about Friday and Saturday, March 3rd and 4th, respectively. He was off Sunday and Monday. During his off days, Plaintiff developed extreme pain in his teeth.

9.  Plaintiff went to the dentist on or about Monday, March 6, 2006 where x-rays were taken. Plaintiff had an infected wisdom tooth that required an emergency extraction. Emergency authorization from Plaintiff's insurance company was obtained so that the extraction could be done the following day, March 7, 2006.

10. Plaintiff was a "disabled" person because New York's Highest Court has ruled that any "medically diagnosable impairment" is a disability under the New York State Human Rights Law. See Reeves v. Johnson Controls, 140 F3d 144, 154 (1998), and the New York City Human Rights Law's standard is at least that broad. Sacay v. Research Found., 44 F. Supp. 2d 496, 503 (EDNY 1999).

11. On or about March 7, 2006, while the dentist was conducting the tooth extraction, he noticed more infections and problems in Plaintiff's nerve endings. He prescribed Plaintiff with painkillers and antibiotics and told him to come back on Friday, March 10, 2006.

12. Because it caused Plaintiff so much pain to simply talk, and in fact his dentist instructed him to keep gauze in his mouth and talk as little as possible, Plaintiff's wife called in to

05/14/2006  22:52   2124818954                    ALLIED SECURITY                           PAGE  05

3

Defendant each day that week to report that Plaintiff would be unable to work due to his extreme pain and strong medication.

13. On or about March 10, 2006, Plaintiff returned to the dentist where the dentist did some more work and re-stitched Plaintiff.

14. Later that same day, Ms. DiSilva called Plaintiff. When Plaintiff's wife picked up the phone, Ms. DiSilva demanded to speak to Plaintiff, even though Plaintiff's wife informed her that Plaintiff was unable to talk due to his condition. When Ms. DiSilva persisted, Plaintiff got on the phone.

15. Ms. DiSilva immediately began berating Plaintiff and making light of his condition. Ms. DiSilva proceeded to call Plaintiff a stupid spic and told him to not bother coming in again. Plaintiff was terminated.

16. At no time prior to Plaintiff's termination did Defendant attempt to provide reasonable accommodations to Plaintiff even though such accommodations were available, feasible and not unduly burdensome.

17. The conduct of Defendant and its agents violated Plaintiff's rights under the New York State and City Human Rights Laws.

18. Defendant and its agents caused Plaintiff lost pay, benefits, humiliation, embarrassment and mental anguish by discriminating against and terminating Plaintiff's employment due to his race, national origin and disability.

## AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION AGAINST DEFENDANT FOR DISABILITY DISCRIMINATION UNDER STATE LAW

19. Plaintiff incorporates paragraphs 1-18 as if fully rewritten herein.

20. By and through its course of conduct, Defendant and its agents violated the New York State Human Rights Law, § 296 et seq. of the Executive Law by refusing Plaintiff reasonable

accommodations and by terminating Plaintiff due to his medical disabilities, perceived medical disabilities and records of impairments.

### AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION AGAINST DEFENDANT FOR DISABILITY DISCRIMINATION UNDER CITY LAW

21. Plaintiff incorporates paragraphs 1-20 as if fully rewritten herein.

22. By and through its course of conduct, Defendant and its agents violated the New York City Human Rights Law, § 8-101 et seq. of the New York City Administrative Code by refusing Plaintiff reasonable accommodations and by terminating Plaintiff's employment due to his medical disabilities, perceived medical disabilities and records of impairments.

### AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION AGAINST DEFENDANT FOR RACE AND NATIONAL ORIGIN DISCRIMINATION UNDER STATE LAW

23. Plaintiff incorporates paragraphs 1-22 as if fully rewritten herein.

24. By and through its course of conduct, Defendant and its agents violated the New York State Human Rights Law, §§296 et. seq. of the Executive Law by denying Plaintiff equal terms and conditions of employment, discriminating against him, harassing him, and firing Plaintiff because of his race, national origin and ethnicity.

### AS AND FOR PLAINTIFF'S FOURTH CAUSE OF ACTION AGAINST DEFENDANT FOR RACE AND NATIONAL ORIGIN DISCRIMINATION UNDER CITY LAW

25. Plaintiff incorporates paragraphs 1-24 as if fully rewritten herein.

26. By and through its course of conduct, Defendant and its agents violated the New York City Human Rights Law, §§8-101 et. seq. of the New York City Administrative Code by denying Plaintiff equal terms and conditions of employment, discriminating against him, harassing him, and firing Plaintiff because of his race, national origin and ethnicity.

5

27. Other than this lawsuit, there is no other complaint pending with any administrative agency or court regarding these events.

28. Pursuant to and as required by §8-502 of the New York City Human Rights Law Plaintiff has also served a copy of this complaint upon the City Commission on Human Rights and Corporation Counsel of the City of New York.

**WHEREFORE**, the Plaintiff prays that this Court:

(a) accepts jurisdiction over this matter;

(b) impanels and charges a jury with respect to the causes of action; and,

(c) awards the following damages against Defendant:

   i. Back pay, front pay, and all benefits along with pre and post judgment interest in the amount of one million dollars ($1,000,000.00);

   ii. Punitive, liquidated and compensatory damages including, but not limited to, damages for pain and suffering, physical injury, anxiety, humiliation, and emotional distress in order to compensate him for the injuries he has suffered and to signal to other employers that discrimination in employment is repulsive to legislative enactments in the amount of one million dollars ($1,000,000.00);

   iii. Attorney's fees, costs and expenses as provided for by the applicable statutes; and

   iv. Any other relief which this Court deems just and equitable.

6

Dated: April 10, 2006
Roslyn, New York

                                        Respectfully submitted,

                                        THE LAW FIRM OF
                                        LOUIS GINSBERG, P.C.

                    By:  _____
                                        Louis Ginsberg (LG 1048)
                                        1613 Northern Boulevard
                                        Roslyn, New York 11576
                                        (516) 625-0105
                                        Attorneys for Plaintiff